**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GARY THOMAS SMITH,

        Petitioner,

                              CIVIL NO. 2:12-CV-10143
v.                              HONORABLE SEAN F. COX
                              UNITED STATES DISTRICT COURT

KENNETH T. McKEE,

        Respondent.
_____/

**OPINION AND ORDER (1) SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING (2) A CERTIFICATE OF APPEALABILITY**

       Gary Thomas Smith, ("Petitioner"), presently incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed by Jacqueline J. McCann of the State Appellate Defender Office, petitioner challenges his re-sentencing on three counts of first-degree criminal sexual conduct, Mich. Comp. Laws, § 750.520b(1)(a). For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DISMISSED WITH PREJUDICE.**

**I. Background**

       Petitioner was convicted in 2004 by a jury in the Wayne County Circuit Court of the above offenses, which involved the sexual abuse of a nine year old girl in 2002 and 2003. Although the sentencing guidelines range under the Michigan Sentencing Guidelines called for a minimum sentence of between nine and fifteen years, the trial judge, Judge Timothy Kenny, departed above the guidelines range and sentenced petitioner to thirty to fifty years in prison. The Michigan Court of Appeals affirmed petitioner's conviction and sentence. *People v. Smith,* No. 267099; 2007 WL

2067847 (Mich.Ct.App. July 19, 2007).

The Michigan Supreme Court reversed petitioner's sentence and remanded the case to the trial court for re-sentencing. *See People v. Smith,* 482 Mich. 292; 754 N.W. 2d 284 (2008). Although finding that the trial judge had adequately articulated three substantial and compelling reasons that would justify an upward departure from the sentencing guidelines range, *Id.,* at pp. 295, 301-03, the Michigan Supreme Court ruled that the judge had failed to offer reasons to justify the extent of his departure from the sentencing guidelines range, in that the judge did not establish that the sentence imposed was proportionate to the offense or to the offender. *Id.,* at pp. 295, 305-06. The Michigan Supreme Court also remanded the case based on the trial judge's failure to address Offense Variable 10 in relation to his fourth stated reason for departing from the sentencing guidelines. *Id.,* at 302, n. 21.

On October 30, 2008, the trial judge re-sentenced petitioner to twenty five to fifty years in prison, again departing above the sentencing guidelines range. Over defense counsel's objection, the trial judge justified the extent of his departure over the sentencing guidelines range of nine to fifteen years by referring to the Michigan Legislature's 2006 amendment to Michigan's first-degree criminal sexual conduct statute, which provides for a mandatory minimum twenty five year prison sentence for first-degree criminal sexual conduct cases involving victims who are under the age of thirteen years old. *See* Mich. Comp. Laws, § 750.520b(2)(b), amended by PA 2006, No. 165 and PA 2006, No. 169. At re-sentencing, the judge made the following remarks:

> I mean the reality is if Mr. Smith had committed this offense three years later or four years later, according to the Legislature, it would be 25 years minimum, and that's the will of the people as expressed through the Legislature.
>
> * * *
>
> Were not – I'm not imposing -- I wouldn't be imposing that as the law in an ex post

facto fashion,

\* \* \*

Well, what's wrong with looking at the viewpoint of the Legislature? The Legislature has said, you know, we think if you do this, you ought to get 25 years on the minimum.

\* \* \*

In this particular case I do disagree with Ms. McCann [Defense Counsel], . . .

I do think that in terms of looking at proportionality, in terms of what does the Legislature think is an appropriate severity for an offense such as this, while I will agree that it is a fixed sentence at this particular point now with a 25 year minimum, I do think that it reflects the fact that the People of the State of Michigan through the Legislature have now stated that the appropriate sentence for someone who commits this type of sexual assault on a young child, they should go to prison for a 25 year minimum. That was what the will of the People has been expressed through the Legislature. I think if I'm going to look to an Opinion and look for some other guidance as to what may be proportionate, I find that that is the most illustrative for purposes of this particular resentence. So I will amend the sentence in this particular case, and it is the sentence of the Court that the defendant be committed to the Michigan Department of Corrections for a period of not less than 25 years, a period not greater than 60 (sic) years. I have considered his work at prison. The fact that he's gotten along well, that has something to do with it, but primarily the 25 years is consistent with the Legislative view for this type of offense. [1]

Petitioner appealed to the Michigan Court of Appeals, arguing that the trial judge's use of the new mandatory minimum twenty five year sentence that had been enacted in 2006 to justify departing above the sentencing guidelines range to impose a minimum sentence of twenty five years in prison violated the *Ex Post Facto* and Due Process Clauses of the federal constitution. In rejecting petitioner's claim, the Michigan Court of Appeals initially cited to several statements made by the judge, including several that petitioner has not included in his brief:

In this particular case I have been asked to show or demonstrate why my deviation

---

[1] See Memorandum of Law in Support of Petition for Writ of Habeas Corpus, p. 10.

> in this child molesting case, which everyone described as being heinous, is proportionate.
>
> Now the Supreme Court, at least five of them anyway had said well, I should look maybe to other jurisdictions to get other viewpoints.
>
> Well, what's wrong with looking at the viewpoint of the Legislature? The Legislature has said, you know, we think if you do this, you ought to get 25 years on the minimum.
>
> \*\*\*
>
> I do think that in terms of looking at proportionality, in terms of what does the Legislature think is an appropriate severity [sic] for an offense such as this, while I will agree that it is a fixed sentence at this particular point now with a 25 year minimum, I do think that it reflects the fact that the People of the State of Michigan through the Legislature have now stated that the appropriate sentence for someone who commits this type of sexual assault on a young child, they should go to prison for a 25 year minimum. That was what the will of the People has been expressed through the Legislature.
>
> I think if I'm going to look to an Opinion and look for some guidance as to what might be proportionate, I find that that is the most illustrative for purposes of this particular resentence.

*People v. Smith,* No. 288932, \* 2; No. 2010 WL 1689169, \* 1 (Mich.Ct.App. April 27, 2010).

The Michigan Court of Appeals concluded that the trial court's reference to the new mandatory minimum twenty five year sentence for first-degree criminal sexual conduct cases involving victims under thirteen years old did not violate the *Ex Post Facto* Clause:

> Defendant first argues that the 2006 amendment of MCL 750.520b(2) may only be applied prospectively to offenses committed after its effective date. We agree. However, in this case, the trial court did not impose a 25–year minimum sentence on defendant pursuant to MCL 750.520b(2). The trial court specifically acknowledged that the statutory mandatory minimum penalty did not apply to defendant, and instead decided to impose 25–year minimum sentences as an exercise of its independent discretion to impose a sentence within the guidelines range or to depart from the guidelines range for substantial and compelling reasons. The trial court considered the recently adopted mandatory minimum penalty only as a tool or benchmark for determining a proportionate sentence. Thus, the court did not

retroactively apply the statutory amendment to offenses that occurred before its effective date.

*Smith,* No. 288932, at * 3; No. 2010 WL 1689169, * at 2.

Petitioner further argued that because the Michigan courts had held that ameliorative changes in Michigan's controlled substance sentencing laws cannot be applied retroactively to favor defendants who committed their crimes before the effective date of the changes, it would be unfair to permit changes in the law to be applied retroactively to a defendant's detriment. The Michigan Court of Appeals rejected this argument:

> In the cases cited by defendant, the appellate court did not apply a general rule that ameliorative changes in the law cannot be used retroactively to benefit a defendant in sentencing. Rather, in each case the appellate court was required to determine the respective trial court's sentencing authority as derived from its interpretation of the statutes in question in order to ascertain and give effect to the intent of the Legislature. The present case does not involve a question of statutory interpretation, but rather an exercise of the trial court's unquestioned sentencing authority to depart from the guidelines and impose a sentence for any term of years. Moreover, as indicated previously, the trial court recognized that the recently enacted mandatory minimum penalty did not apply to defendant's case. Due process does not require that this Court balance the unfavorable results received by defendants in controlled substances cases with a favorable result in the present appeal.

*Smith,* No. 288932, at * 4; No. 2010 WL 1689169, * at 3 (internal citation omitted).

The Michigan Court of Appeals further rejected petitioner's argument that he was being punished for successfully appealing his sentences, because the trial judge would not have been able to use the 2006 amendment to Mich. Comp. Laws, § 750.520b to fashion his sentence had the trial judge correctly sentenced him in 2004. In rejecting this claim, the Michigan Court of Appeals noted that after a retrial and conviction following a successful appeal, a trial court may consider information that occurred subsequent to the original sentencing proceedings in imposing the new sentence. *Smith,* No. 288932, at * 4-5; No. 2010 WL 1689169, * at 3-4.

5

The Michigan Supreme Court unanimously denied petitioner leave to appeal. *People v. Smith,* 789 N.W. 2d 176 (2010).

Petitioner now seeks a writ of habeas corpus on the following grounds:

I. THE TRIAL COURT'S USE OF THE NEW 25-YEAR MANDATORY MINIMUM SENTENCE, ENACTED IN 2006 AS AN AMENDMENT TO MCL 750.520B, TO JUSTIFY IMPOSING 25-YEAR MINIMUM TERMS UPON MR. SMITH AT RESENTENCING IN 2008, FOR OFFENSES COMMITTED IN 2002 AND 2003, WAS IN VIOLATION OF THE EX POST FACTO CLAUSE AND THE DUE PROCESS CLAUSE OF THE FEDERAL CONSTITUTION. THE SENTENCES AND AFFIRMATION OF THOSE SENTENCES ON APPEAL WERE UNREASONABLE APPLICATIONS OF CLEARLY ESTABLISHED FEDERAL LAW AS DETERMINED BY THE UNITED STATES SUPREME COURT.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme

6

Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 131 S. Ct. at 786. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no

7

possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)). Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford,* 537 U.S. at 24. Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 131 S. Ct. at 786-87.

In addition, a petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *See McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F. 3d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. No return to a habeas petition is necessary

when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.*

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that petitioner's claims do not entitle him to habeas relief, such that the petition must be summarily denied. *See McIntosh v. Booker,* 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004).

### III. Discussion

In his sole claim for relief, petitioner contends that the trial judge violated the Due Process and *Ex Post Facto* Clauses of the United States Constitution by using the twenty five year mandatory minimum sentence contained in M.C.L.A. 750.520b to justify departing above the sentencing guidelines range of nine to fifteen years and re-sentencing petitioner to twenty five to fifty years in prison after petitioner's original sentence had been vacated by the Michigan Supreme Court.

This Court starts out by noting that petitioner's sentence of twenty five to fifty years in prison was within the statutory limit under Michigan law for the crime of first-degree criminal sexual conduct. A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000).

To the extent that petitioner is challenging the trial judge's decision to depart above the sentencing guidelines, he would not be entitled to habeas relief. It is well-established that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67

(1991). Any claim by petitioner that the state trial court misapplied the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003); *See also Coy v. Renico,* 414 F. Supp. 2d 744, 780 (E.D. Mich. 2006). Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005). Any claim that the state trial court improperly departed above the sentencing guidelines range would thus not entitle petitioner to habeas relief. *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999); *See also Drew v. Tessmer,* 195 F. Supp. 2d 887, 889-90 (E.D. Mich. 2001).

Petitioner, however, claims that the trial judge violated the *Ex Post Facto* Clause of the United States Constitution by using the mandatory minimum twenty five year sentence for first-degree criminal sexual conduct cases involving victims under thirteen years old to justify departing above the guidelines range, because this law was enacted in 2006, subsequent to when petitioner's crimes were committed in 2002 and 2003 and after petitioner had been convicted in 2004.

Article 1, § 10 of the United States Constitution prohibits states from passing *ex post facto* laws. The *Ex Post Facto* Clause prohibits any law which: 1) makes an act which had previously been innocent a criminal act; 2) aggravates a crime and makes it more serious than it was when it was committed; 3) changes the punishment and inflicts a greater punishment for the crime than when it was committed; or 4) alters the legal rules of evidence and requires less or different testimony or a lesser quantum of evidence to convict the defendant than was required at the time that the crime was committed. *See Carmell v. Texas*, 529 U.S. 513, 522 (2000)(citing to *Calder v. Bull,* 3 U.S. 386, 390 (1798)). To fall within the *ex post facto* prohibition, a law must be

retrospective, *i.e.*; "it must apply to events occurring before its enactment" and it "must disadvantage the offender affected by it." *Weaver v. Graham*, 450 U.S. 24, 29 (1981). A law may be retrospective for *ex post facto* purposes not only if it alters the length of the sentence but also if it changes the maximum sentence from discretionary to mandatory. *Id.,* at 32, n. 17 (citing *Lindsey v. Washington*, 301 U.S. 397, 401 (1937). The application of revised sentencing guidelines to a defendant whose crimes occurred prior to their enactment is also a violation of the *Ex Post Facto* Clause. *Miller v. Florida*, 482 U.S. 423, 431-35 (1987).

In the present case, the trial judge did not sentence petitioner pursuant to the mandatory minimum sentencing provisions contained in Mich. Comp. Laws, § 750.520b(2)(b). The trial judge, in fact, from the outset recognized that the new mandatory minimum twenty five year prison sentence did not apply to petitioner and stated that he did not intend to use the amended statute "in an ex post facto fashion." The trial judge was aware that petitioner's sentencing guidelines range was nine to fifteen years and that if he wanted to depart above this guidelines range, he had to provide substantial and compelling reasons to do so. Instead, as the Michigan Court of Appeals correctly noted, the trial judge used the newly enacted mandatory minimum twenty five year prison sentence as a reference point to determine the proportionality of petitioner's sentence, which the Michigan Supreme Court in its remand order had requested the judge to do. The judge indicated that the People of the State of Michigan, through their legislators, had determined that a twenty five year sentence for sexual assaults upon a young child was an appropriate sentence for such crimes. The judge indicated that he was going to use the new law as guidance in determining what sentence might be proportionate for petitioner in order to justify the extent of his departure above the guidelines range.

A number of federal appellate courts have held that there is no *ex post facto* violation for a federal district court to use amendments to the Federal Sentencing Guidelines that occurred after the commission of the offense as a rationale to depart above the sentencing guidelines range. In *U.S. v. Coe*, 220 F. 3d 573, 578 (7th Cir. 2000), the Seventh Circuit held that a federal district court may consider subsequent amendments to the Federal Sentencing Guidelines for two purposes. First, the court may interpret the Sentencing Commission's later addition of an aggravating element as a sentencing factor as evidence that a previous version of the Guidelines did not adequately consider that factor in the sentencing scheme. *Id.* The Seventh Circuit further concluded that a federal district court is also permitted to consider later amendments to the Sentencing Guidelines as guides for determining how much of a departure is warranted for the aggravating conduct in question. In so ruling, the Seventh Circuit reasoned that "since 'a decision to depart must be linked to the rationale and methodology of the Guidelines,' reference to subsequent amendments may be one of the best ways a sentencing court can be assured that the magnitude of a departure is consistent with the sentencing scheme envisioned by Congress." *Id.*

In *U.S. v. Larkin,* 629 F.3d 177, 192-94 (3rd Cir. 2010), *cert. den.* 132 S. Ct. 313 (2011), the Third Circuit held that it was proper for the district court to analogize to a post-offense sentencing guidelines amendment when applying a five-level upward departure to the defendant's sentence for producing child pornography on the ground that the existing guidelines did not adequately consider the severity of the defendant's conduct. In so ruling, the Third Circuit concluded that analogizing to a post-offense amendment to the sentencing guidelines did not offend the *Ex Post Facto* clause. *Id.*

In *U.S. v. Logal*, 106 F. 3d 1547, 1551 (11th Cir. 1997), the Eleventh Circuit held that a

12

federal district court could consider amendments to the Federal Sentencing Guidelines that were effective after the date that the offense was completed to determine the degree of upward departure from the Federal Sentencing Guidelines that should be applied to the defendant, without violating the *Ex Post Facto* Clause.

In *U.S. v. Tisdale,* 7 F. 3d 957, 967-68 (10th Cir. 1993), the Tenth Circuit held that the *Ex Post Facto* Clause was not violated when the district court sought guidance from a subsequently promulgated amendment to the Sentencing Guidelines in order to determine the sentence of an armed career criminal for an offense that was committed before the Guidelines were amended to provide a category for such criminals, where the district court did not sentence the defendant under the amended guideline or consider itself governed by the guideline, but looked to the sentencing range established by the amended guideline as a benchmark for the sole purpose of testing by analogy the reasonableness of the degree of the upward departure under the previous guidelines.

The foregoing cases establish that the Michigan Court of Appeals' rejection of petitioner's *Ex Post Facto* Clause claim was not unreasonable. The trial judge recognized that the new mandatory minimum twenty five year sentence for first-degree criminal sexual conduct cases involving children under thirteen could not be applied retroactively to petitioner. The fact that the judge knew that he had to provide reasons to depart above the sentencing guidelines range of nine to fifteen years establishes that the judge knew that the mandatory minimum sentence did not apply to petitioner. The judge in this case used the mandatory minimum sentence merely as a reference point or a benchmark for guidance to determine the extent to which he should depart above the sentencing guidelines and the proportionality of the sentence that he would impose. Under these circumstances, petitioner is unable to establish that the Michigan Court of Appeals' rejection of his

*Ex Post Facto* Clause claim was unreasonable. Because petitioner has failed to show that the trial judge retroactively applied the mandatory minimum twenty five year sentence to his case, his related claim that it would violate due process to apply the 2006 amendment to the first-degree criminal sexual conduct retroactively to his case, without allowing retroactive application of changes in the controlled substances sentencing laws to benefit defendants, must be rejected.

Petitioner further claims that by using the 2006 amendment to Mich. Comp. Laws, § 750.520b, the trial judge penalized petitioner for exercising his right to appeal, in that had the trial judge sentenced petitioner correctly in 2004, he would not have been able to use the 2006 amendment to the statute as a basis for departing above the sentencing guidelines range.

Due process of law requires that "vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." *North Carolina v. Pearce,* 395 U.S. 711, 725 (1969). To prevent actual vindictiveness from entering into a sentencing decision, the Supreme Court fashioned a prophylactic rule which states that "whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear" on the record. *Id.* at 726. Courts have interpreted this rule to apply "a presumption of vindictiveness, which may be overcome only by objective information in the record justifying the increased sentence." *United States v. Goodwin,* 457 U.S. 368, 374 (1982). However, where there is no reasonable likelihood that the increased sentence is the product of actual vindictiveness on the part of the sentencing authority, the burden remains upon the defendant to prove actual vindictiveness in the sentencing decision. *Alabama v. Smith,* 490 U.S. 794, 799 (1989).

Petitioner's vindictive sentencing claim is without merit for several reasons. First, the trial

14

judge at re-sentencing reduced the minimum sentence from thirty years to twenty five years. No presumption of vindictive sentencing applies where a defendant on remand for re-sentencing receives a term of imprisonment that was shorter than sentence that was originally imposed. *See United States v. Jackson,* 181 F.3d 740, 745, n. 4 (6th Cir. 1999); *See also U.S v. Smith,* 27 Fed. Appx. 361, 369 (6th Cir. 2001).

Petitioner can also not show that the term of imprisonment that he received at re-sentencing was based on any actual vindictiveness by the judge. The judge in this case, in fashioning petitioner's sentence, considered the 2006 amendment to Mich. Comp. Laws, § 750.520b(2), which provided a mandatory minimum twenty five year prison sentence for crimes like the one committed by petitioner, as a benchmark for determining the proportionality of petitioner's sentence. By considering the 2006 amendment to Michigan's first-degree criminal sexual conduct statute, the judge was neither acting vindictive nor penalizing petitioner for his successful appeal. In *Wasman v. United States*, 468 U.S. 559, 572 (1984), the Supreme Court held that after a retrial and conviction that follows a defendant's successful appeal, "a sentencing authority may justify an increased sentence by affirmatively identifying relevant conduct or events that occurred subsequent to the original sentencing proceedings." In light of the fact that the trial judge was permitted to consider new information in determining petitioner's sentence, coupled with the fact that the judge actually reduced the minimum sentence by five years at re-sentencing, petitioner is unable to show that he was penalized for exercising his right to appeal at his re-sentencing. Petitioner is not entitled to habeas relief on his claim.

### IV.  Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See also Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002).

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

Dated: January 31, 2012                    S/ Sean F. Cox
                                           Sean F. Cox
                                           U. S. District Court Judge

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GARY THOMAS SMITH,

       Petitioner,

                                        CIVIL NO. 2:12-CV-10143

v.                                      HONORABLE SEAN F. COX
                                        UNITED STATES DISTRICT COURT

KENNETH T. McKEE,

       Respondent.
_____/

## PROOF OF SERVICE

      I hereby certify that a copy of the foregoing document was served upon counsel of record on January 31, 2012, by electronic and/or ordinary mail.

                                                    S/Jennifer Hernandez
                                                    Case Manager